IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Lawrence McCullough, Jr., | ) | Civil Action No. 5:19-cv-639-RMG |
| Petitioner, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Bureau of Prisons, | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 18) recommending that Respondent's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Petition is dismissed without prejudice.

**I.    Background**

Petitioner Lawrence McCullough, Jr. is currently incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina. (Dkt. No. 11 at 1.) Petitioner is currently serving a sentence of 187 months imposed in the United States District Court for the Southern District of Georgia. (*See* Southern District of Georgia, Case No. 6:09-cr-048-LGW, Dkt. No. 1142.) The date of original judgment was November 23, 2010. (*Id.*)

Petitioner now files this § 2241 Petition arguing that the Bureau of Prison ("BOP") is delaying implementation of the recently-passed First Step Act's new good time credit provisions, which he alleges violates the Constitution and rules of statutory construction. (Dkt. No. 11 at 6.) Petitioner argues that the First Step Act now provides inmates who show "exemplary compliance with institutional rules" 54 days of good time credit rather than the previously awarded 47 days of

credit. (*Id.* at 7.) Petitioner alleges the BOP has continued to provide only 47 days of credit, and seeks an order compelling the BOP to provide 54 days of credit immediately. (*Id.* at 8.)

The Magistrate Judge recommended that the Petition be dismissed without prejudice since Petitioner failed to exhaust his administrative remedies. (Dkt. 18 at 3.) Petitioner filed objections to the R & R, arguing that his failure to exhaust the administrative remedies should be excused and reiterating the arguments in his Petition. (Dkt. No. 22.)

## II. <u>Legal Standard</u>

### A. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."

2

*Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Petitioner filed objections, and the R & R is therefore reviewed *de novo*.

**III.** **Discussion**

While § 2241 does not contain a statutory exhaustion requirement, it is well settled that a prisoner "must exhaust their administrative remedies prior to filing a § 2241 petition." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004). *See also Timms v. Johns*, 627 F.3d 525, 531 (4th Cir. 2010) (requiring exhaustion for § 2241 petition); *Taylor v. Warden, Satellite Prison Camp at Edgefield, S.C.*, No. 2:16-CV-01826-RBH, 2017 WL 359497, (D.S.C. Jan. 25, 2017). In this context, the Petitioner must therefore exhaust administrative remedies provided within the BOP. *Henderson v. Warden, Edgefield Satellite Prison Camp*, No. CIVA 209CV01599-RBH, 2009 WL 3317149, at *2 (D.S.C. Oct. 14, 2009) ("It is well settled that a federal prisoner is required to exhaust his administrative remedies within the BOP before filing an action pursuant to § 2241.").

Petitioner does not dispute that he failed to exhaust his administrative remedies. (Dkt. Nos. 11 at 2; 22 at 1 – 2.) However, Petitioner argues that the Court should excuse the exhaustion requirement. (Dkt. No. 22 at 1 – 2.) In the first instance, Petitioner is correct that the First Step Act includes a provision mandating that good time credits are now calculated as "up to 54 days for each year of the prisoner's sentence imposed by the court." FIRST STEP ACT OF 2018, PL 115-391, December 21, 2018, 132 Stat 5194; 18 U.S.C.A. § 3624. However, while the First Step Act contains this new provision, Petitioner has not shown that his failure to exhaust should be excused.

For petitioners seeking habeas relief, the exhaustion requirement may be excused under certain circumstances, such as by showing futility. *See Chestnut v. Mosley*, No. CV 1:18-747-RBH-SVH, 2018 WL 2091387, at *2 (D.S.C. Mar. 30, 2018), *report and recommendation adopted*, No. 1:18-CV-00747-RBH, 2018 WL 2087252 (D.S.C. May 4, 2018) ("A petitioner's failure to exhaust his administrative remedies may be excused under certain circumstances, such

3

as by showing futility."). Petitioner, however, has not shown futility here. Petitioner points to a recent decision from the District of Oregon, *United States v. Walker*, No. 3:10-cr-298-RRB-1 (D. Or. Feb. 7, 2019), which granted habeas relief to a Petitioner and ordered that the BOP award Petitioner good time credits using the amended provision in 18 U.S.C. § 3624(b) at the rate of 54 days of good conduct time per year. (*See* No. 3:10-cr-298-RRB-1, Docket Nos. 103, 107, 109, 110.) However, notably, while the court in *Walker* did not issue a holding on the "merits of the legal issues," the case involved likely irreparable harm and futility as the petitioner in *Walker*, if not granted immediate relief, would have remained incarcerated past his projected release date under the First Step Act. (*See* No. 3:10-cr-298-RRB-1, Docket Nos. 103 at 2.) Further, the petitioner in *Walker* represented that he had previously earned all available good time credits. (*Id.*)

Here, the Court's disposition of this motion will not lead to Petitioner's immediate release as he is currently serving a 187-month sentence, nor has Petitioner presented any evidence that he would be entitled to the additional good time credits. Petitioner therefore has not shown that exhaustion of his administrative remedies would be futile or, as may have been true in *Walker*, that he would be subject to irreparable harm. Furthermore, other courts dealing with similar recently filed petitions have dismissed petitions, noting that the provision increasing allowable good time from 47 to 54 days takes effect "only when the Attorney General completes the 'risk and needs assessment system' required by Section 101(a)[,]" which is not due to be issued until July 2019. *United States v. Powell*, No. 5:11-CR-75-JMH-1, 2019 WL 1521972, at *3 (E.D. Ky. Apr. 8, 2019). *See Roy v. United States Bureau of Prisons*, No. 2:19-CV-59-RMP, 2019 WL 1441622, at *2 (E.D. Wash. Apr. 1, 2019) (same).

Petitioner's Petition is therefore subject to dismissal without prejudice. However, as the Petition is dismissed without prejudice, after both the time has passed for the Attorney General to

issue a risk and needs assessment in July 2019 and Petitioner exhausted his administrative remedies, he may refile his Petition.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 18) is **ADOPTED** as the order of the Court and Petitioner's petition for a writ of habeas corpus (Dkt. Nos. 1; 11) is **DISMISSED WITHOUT PREJUDICE**.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner failed to exhaust his administrative remedies. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_s/ Richard Mark Gergel_
Richard Mark Gergel
United States District Court Judge

April 1⟨?⟩, 2019
Charleston, South Carolina